116 F.3d 481
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Willie SIMPSON, Appellant.
 No. 96-3327.
 United States Court of Appeals, Eighth Circuit.
 Submitted March 21, 1997.
Decided June 4, 1997.
 
 Appeal from the United States District Court for the Eastern District of Arkansas.
 Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 After a jury found Willie Simpson guilty of six counts of possessing with intent to distribute and distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), the district court sentenced him to 48 months imprisonment and three years supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). We affirm.
 
 
 2
 The first argument raised in the Anders brief is that the evidence was insufficient to support Simpson's convictions. To convict Simpson under section 841(a)(1), the government had to prove that Simpson knowingly possessed a controlled substance intending to distribute some or all of it to another person, or that he knowingly distributed a controlled substance. Government witnesses testified at trial that, on the dates alleged in the indictment counts at issue, they bought drugs from Simpson either directly or through an intermediary. A chemist testified that the purchased drugs contained cocaine base. We reject Simpson's sufficiency-of-the-evidence challenge. See United States v. Quintanilla, 25 F.3d 694 (8th Cir.) (standard of review), cert. denied, 115 S.Ct. 457 (1994).
 
 
 3
 Next, counsel argues the district court abused its discretion when it admitted--under Federal Rule of Evidence 801(d)(2)(E)--testimony from one witness that a third party had stated Simpson had the "dope" the third party was selling. We see no abuse of discretion in the admission of this statement. The government presented evidence that, at the time the statement was made, Simpson and the third party had conspired to sell controlled substances, and that the statement was made in furtherance of the conspiracy. See United States v. Jackson, 67 F.3d 1359, 1364 (8th Cir.1995) (standard of review; statement of coconspirator identifying origin of drugs admissible under Rule 801(d)(2)(E)), cert. denied, 116 S.Ct. 1684 (1996).
 
 
 4
 Finally, our cases foreclose Simpson's constitutional attack on the disparity between sentences for crack-cocaine offenders and those for powder-cocaine offenders. See United States v. Carter, 91 F.3d 1196, 1198-99 (8th cir.1996) (per curiam).
 
 
 5
 After reviewing the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.
 
 
 6
 Accordingly, the judgment is affirmed.